T.C. Summary Opinion 2005-139

UNITED STATES TAX COURT

TRACI A. TOMKO AND RONALD R. TOMKO, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6108-04S.          Filed September 27, 2005.

Traci A. Tomko and Ronald R. Tomko, pro se.

James E. Schacht and Mark J. Miller, for respondent.

POWELL, Special Trial Judge:  This case was heard pursuant
to the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.[1]  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.

---

[1] Unless otherwise indicated, subsequent section
references are to the Internal Revenue Code in effect for the
year in issue, and Rule references are to the Tax Court Rules of
Practice and Procedure.

Respondent determined a deficiency of $13,170 in petitioners' 2001 Federal income tax. The issue is whether petitioners are entitled to deduct certain gambling losses. Petitioners resided in Oneida, Wisconsin, when the petition in this case was filed.

## Background

The facts may be summarized as follows. During 2001, petitioners were recreational gamblers who played slot machines. Petitioners had winnings of at least $44,464 from these activities that were reported to the Internal Revenue Service. See sec. 7.6041-1, Temporary Proced. & Admin. Regs., 42 Fed. Reg. 1471 (Jan. 7, 1977). On their joint 2001 Form 1040, U.S. Individual Income Tax Return, petitioners reported gambling income of $21,100 and gambling losses of the same amount on Schedule A, Itemized Deductions. Respondent determined that petitioners received gambling income of $44,464 and disallowed the deduction for gambling losses on the ground that petitioners failed to substantiate any losses.

Petitioners do not dispute the increase in gambling income. Petitioners, however, argue that they have substantiated their losses. They claim that the funds for each trip to the local casinos is shown by cash withdrawals on credit cards or bank account debit cards. Their statements from these accounts show activities at the casinos. In addition, they reconstructed their

gambling activities allegedly showing cash withdrawals for each day and the amount of individual gain or loss at the end of the day. For example, the credit card account statement shows that on June 14, 2001, they withdrew $600, and the gambling activity records for that day show that they lost $600.

## Discussion

Section 61(a) defines gross income to mean all income from whatever source derived. Winnings from slot machines and other gambling winnings are includable in gross income. See Lyszkowski v. Commissioner, T.C. Memo. 1995-235, affd. without published opinion 79 F.3d 1138 (3d Cir. 1996). In the case of an individual, section 62(a) defines adjusted gross income as gross income less certain deductions, including deductions attributable to a trade or business carried on by the taxpayer. Sec. 62(a)(1). If a taxpayer's gambling activity constituted a trade or business, his or her gambling losses would be deductible from gross income in arriving at adjusted gross income on Schedule C, Profit or Loss From Business. If a taxpayer's gambling activity did not constitute a trade or business, his or her gambling losses would be deductible as an itemized deduction in arriving at taxable income on Schedule A. Sec. 63(a). Petitioners do not claim that they were in the trade or business of gambling.

Regardless whether or not the activity constituted a trade or business, section 165(d) provides that "Losses from wagering

transactions shall be allowed only to the extent of the gains from such transactions."  See also sec. 1.165-10, Income Tax Regs.  Petitioners do not dispute that section 165(d) applies here.

Respondent claims that petitioners' records are insufficient to establish that they incurred any losses.  To be sure, petitioners' records leave something to be desired.  Section 6001 and the regulations thereunder require that taxpayers keep adequate records to substantiate their income and deductions. When a taxpayer fails to keep adequate records, but a court is convinced that deductible expenses were made, the Court "should make as close an approximation as it can, bearing heavily if it chooses upon the taxpayer whose inexactitude is of his own making."  Cohan v. Commissioner, 39 F.2d 540, 544 (2d Cir. 1930). In cases involving gambling losses, this Court has invoked the Cohan rule when it is satisfied that a taxpayer has incurred some gambling losses.  See Drews v. Commissioner, 25 T.C. 1354 (1956).

The total amount petitioners attribute to their gambling activity is $46,542--$18,080 (Chase credit card), $19,800 (MBNA credit card), and $8,662 (bank account debit card).  While this amount may have cycled through the casinos and the financial institution, we are not convinced that this amount represents petitioners' gambling losses.  According to their testimony, their losses were computed by the amount of cash they had at the

end of their sessions of playing the slot machines, and they claim they did not not leave a casino with any of the cash they had originally withdrawn except when they hit a payout of more than $1,200. We are particularly bothered by this explanation. Although the odds are in a casino's favor, it does not necessarily follow that there are no days when a player comes out ahead. Given the uncertainty of petitioners' records, and the certainty that there must have been some losses, we find that petitioners did suffer total gambling losses of $40,000 in 2001.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

under Rule 155.